33417. GANO *v.* WENTZ.

DECIDED MARCH 15, 1951. REHEARING DENIED MARCH 29, 1951.

*Abraham J. Walcoff,* for plaintiff.
*Sam F. Lowe Jr., David A. Heuett,* for defendant.
SUTTON, C. J. Virginia I. Gano sued Mrs. C. R. Wentz in the

Civil Court of Fulton County on an account for $319 for an Oriental rug. The defendant filed a plea and answer in which she denied that she was indebted to the plaintiff, and for further plea and answer alleged: "(3) That on or about November 2, 1949, petitioner offered for trade through the Georgia Exchange Credits, 66 Pryor Street NE, Atlanta, Georgia, the said Oriental rug as set forth in the petition.

"(4) That petitioner and defendant were both members of said Georgia Exchange Credits Organization; petitioner having account number 118 and defendant account number 75. As members of said organization, both petitioner and defendant could use Exchange Credits in lieu of money to exchange for merchandise among participating members and merchants who were also members of said organization.

"(5) That defendant had $319 worth of Exchange Credits on deposit with said organization and offered said credits to petitioner for said Oriental rug.

"(6) That on said date petitioner agreed to accept said credits as consideration for said rug.

"(7) That defendant thereupon executed an assignment transferring to petitioner said $319 worth of exchange credits. That a copy of said assignment together with petitioner's endorsement thereon is attached, marked Exhibit "A" and made a part hereof by reference.

"(8) That petitioner accepted said assignment and transfer in full satisfaction and discharge of the claim sued on."

The plaintiff made an oral motion to dismiss the defendant's plea and answer on the grounds (1) that it failed to set forth a good defense against the plaintiff's petition; (2) that it did not comply with the requirements of the Code, § 81-410, that ". . the plea filed shall either deny that the defendant is indebted in any sum or shall specify the amount in which the defendant admits he may be indebted." The motion was overruled, and the plaintiff excepted pendente lite.

The case proceeded to trial, and, at the conclusion of the evidence, the court directed a verdict for the defendant. The exceptions here are to the order overruling the oral motion to dismiss the defendant's plea and answer and to the judgment overruling the plaintiff's motion for a new trial.

■ The defendant in her sworn plea and answer denied the allegation of the plaintiff's petition that she was indebted to the plaintiff, and then set forth a valid defense showing why she was not indebted on the account sued on. The exception to the order overruling the oral motion to dismiss the plea and answer is without merit.

■ The plaintiff and the defendant were members of the Georgia Exchange Credits Organization, the plaintiff's account therein being number 118 and the defendant's number 75. These parties as members of the organization could use "Exchange Credits" in lieu of money to exchange for merchandise with other participating members of the organization. It appears that the plaintiff, on November 2, 1949, offered for trade through the Georgia Exchange Credits Organization an Oriental rug, and the defendant offered her $319 worth of "Exchange Credits" on deposit with said organization for the rug. The offer was accepted by the plaintiff, and thereupon the defendant made a written transfer of $319 worth of her "Exchange Credits" in said organization to the plaintiff in conformity with their trading agreement in the organization, the transfer being made and dated on November 2, 1949, and it being recited therein that "Guarantee of this transfer of credit does not exceed 30 days. Deposit promptly." It appears from the documentary evidence that Mrs. Gano, the plaintiff, made a number of transfers of credits in the organization for stated amounts to other parties during the month of November, 1949, after the defendant had transferred her credits to the plaintiff, and that the plaintiff received the stated value for such credits. But she did not deposit in the organization the credit exchange check which she received from the defendant for the rug until some time after the 2nd day of December, 1949, more than thirty days after she had received it.

The evidence shows that the members of the organization had to pay a service charge of 5% on the credit exchange checks when they were deposited with the organization, and that helped to defray the expenses of the organization, or helped to keep it going. Mrs. Gano, the plaintiff, testified in part as to the rug transaction: "I remember the transaction with Mrs. Wentz. . . The exact date Mrs. Wentz and I had this transaction about

the rug is the date on the check there, which is November 2nd. I remember it was in November; I don't remember the exact day. . . At no time in connection with this transaction did Mrs. Wentz ever agree to pay me any cash for this rug, but I thought it would be paid in the equivalent of cash. She never agreed to pay money for this rug. . . When we had the transaction on November 2nd, at that time, the only transaction that was made was that Mrs. Wentz agreed to give me a $319 credit exchange check for the rug, but I thought that the company was good then and it wasn't. . . You say, 'The fact is that you and Mrs. Wentz never did have any transaction except a transaction whereby you agreed to accept these exchange credits for the merchandise; now that is the transaction, wasn't it, Mrs. Gano?' Yes, at that time. That was the transaction on the 2nd of November. Mrs. Wentz never did agree to pay me in cash for this rug."

The uncontroverted evidence shows that the plaintiff traded or exchanged the rug in question to the defendant for $319 worth of credits in the Georgia Exchange Credits Organization, and that said credits were accepted by the plaintiff as payment for the rug. In other words, credits in said exchange organization, of which both the plaintiff and the defendant were members, were treated by them as money in buying and selling goods and merchandise through the exchange with other members of the organization. The plaintiff herself testified that the defendant did not agree to pay any money for the rug, and that she, the plaintiff, agreed to accept the transfer of credit for the rug. This was the trade between the parties, according to the undisputed evidence. So far as the record shows, the plaintiff knew as much about the credits in the exchange as the defendant did, and she was using them to buy and pay for articles of value both before and after the credits were transferred to her by the defendant.

Where, as here, the evidence showed that the credits in the exchange organization were accepted by the plaintiff in payment for the rug, a verdict was demanded for the defendant, and the trial judge did not err in so directing the verdict, and consequently did not err in overruling the motion for a new trial.

*Judgment affirmed. Worrill, J., concurs. Felton, J., concurs in the judgment.*